IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THE ESTATE OF BEVERLY B.,[1]

          Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

          Defendant.

Civ. No. 3:22-cv-01476-MC

OPINION AND ORDER

_____

**MCSHANE, Judge**:

Plaintiff Beverly B. brings this action for judicial review of a final decision of the

Commissioner of Social Security ("Commissioner") denying her application for disability

insurance benefits ("DIB") under Title II of the Social Security Act. This Court has jurisdiction

under 42 U.S.C. §§ 405(g) and 1383(c)(3). Because the Appeals Council issued a decision that

conformed to the mandate of the Ninth Circuit and this Court, the Commissioner's decision is

AFFIRMED.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff applied for DIB and DWB on January 19, 2011, alleging disability since July 1,

2002. Tr. 163-64, 166.[2] Her claim was denied initially and upon reconsideration. Tr. 103, 108,

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the
non-governmental party in this case and any immediate family members of that party.

118, 122. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") and appeared before the Honorable Rudolph Murgo on October 16, 2012, with a supplemental hearing on October 24, 2012.[3] Tr. 2164, 2189. The ALJ issued a "partially favorable" decision, finding Plaintiff was not disabled prior to January 2, 2012, but became disabled on that date and was disabled until her death on March 29, 2012. Tr. 95; *see* Tr. 170. To be eligible for DIB, Plaintiff must have become disabled by September 30, 2008, the date she was last insured. Tr. 21, 32. To be eligible for DWB, Plaintiff must have become disabled by January 31, 2012. Tr. 85-86. The ALJ noted that Plaintiff's disability did not extend through the five full month waiting period under 20 CFR §§ 404.315(a)(4) and 404.335(c)(2). Tr. 96.

Plaintiff sought review from the Appeals Council. Tr. 140. The Appeals Council remanded the case on September 30, 2016, stating that because the file was incomplete, the Appeals Council could not act on the request for review. Tr. 145, 143. A supplemental hearing was held before ALJ Murgo on December 4, 2017. Tr. 2215. The ALJ issued another "partially favorable" decision; this time finding Plaintiff was not disabled until January 12, 2012. Tr. 30, 31. Again, the ALJ noted that Plaintiff's disability did not meet the waiting period. *Id*.

Plaintiff again sought review from the Appeals Council. Tr. 2161. Plaintiff's request for review was denied on July 19, 2019, rendering the ALJ's decision final. Tr. 7. Plaintiff then sought judicial review of the ALJ's decision. Tr. 2247. This Court affirmed the Commissioner's decision. Tr. 2265. Plaintiff appealed to the Ninth Circuit Court of Appeals. Tr. 2248.

---

[2] "Tr." refers to the Transcript of Social Security Administrative Record, ECF No. 14, provided by the Commissioner.
[3] Plaintiff passed away before the hearing and a substitute party appeared at all hearings in this case.

Before the Ninth Circuit heard the case, the parties filed a stipulated motion to remand, which the Ninth Circuit granted. Tr. 2258. This Court then issued a conforming order for remand on December 16, 2021, stating:

> On remand, the Appeals Council will issue a favorable decision finding that the claimant was disabled during the period at issue, which is twelve months prior to the claimant's January 19, 2011 application date through the current January 12, 2012 established onset date found by the Administrative Law Judge.

Tr. 2256. In a July 27, 2022, decision, the Appeals Council found Plaintiff was disabled from January 19, 2010, to January 11, 2012. Tr. 2232–39. Plaintiff now seeks judicial review of this final decision, arguing that the Appeals Council should have considered the time period between her original alleged onset date, July 1, 2002, and January 18, 2010.

## **DISCUSSION**

Plaintiff argues that the Commissioner made step five findings unsupported by substantial evidence. Pl.'s Br. 6–15, ECF No. 14. Specifically, Plaintiff argues that the "Commissioner has repeatedly failed to identify what skills, if any, Plaintiff acquired from her past relevant work." *Id.* at 8. This is the same argument raised in Plaintiff's original appeal to this Court, when the Court found that Plaintiff had forfeited the issue. *See Est. of Beverly B. v. Comm'r Soc. Sec. Admin.*, No. 3:19-cv-01351-MC, 2021 WL 538923 (D. Or. Feb. 15, 2021). Plaintiff could have contested this finding at the Ninth Circuit, but instead stipulated to remand for a limited favorable decision. In doing so, Plaintiff waived review of the underlying issue.

"Under the law of the case doctrine, '[this] court is precluded from considering an issue that has already been decided by the same court, or a higher court in the identical case.'" *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017). While there are limited exceptions to the law of the case doctrine – "when the evidence on remand is substantially different, when the controlling

law has changed, or when applying the doctrine would be unjust" – none of those exceptions

apply here. *Stacy*, 825 F.3d at 567.

For similar reasons, the Appeals Council was bound by the remand order, which directed

them to find Plaintiff "disabled during the period at issue, which is twelve months prior to the

claimant's January 19, 2011 application date through the current January 12, 2012 established

onset date found by the Administrative Law Judge." This Court is similarly bound by the Ninth

Circuit's mandate. *Stacy v. Colvin*, F.3d 563, 568 (9th Cir. 2016) (noting that a "district court

commits 'jurisdictional error' if it takes actions that contradict the mandate").

## CONCLUSION

For these reasons, the Commissioner's final decision is AFFIRMED.


IT IS SO ORDERED.


DATED this 14th day of March, 2024.


s/  Michael J. McShane

Michael J. McShane
United States District Judge